IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:19-cr-00250

JAMES PINSON,
GARY CONN.

MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants James Pinson's and Gary Conn's Objections to the Magistrate Court's Order Dated February 21, 2020, which denied Defendants' Joint Motion for Issuance of Subpoena for Early Production. [ECF No. 85]. The United States of America (the "Government") has responded. [ECF No. 101]. Defendants Pinson and Conn have filed a reply, [ECF No. 102], and the issue is ripe for adjudication. The Objections are **OVERRULED** for the reasons that follow.

I.   Background

a.   Factual

The Superseding Indictment returned against Defendants Pinson, Conn, and Tammy Newsome alleges the following. In 2008, Toyota began a Customer Support Program (the "CSP") to repurchase or repair a certain model of Toyota Tacoma trucks that exhibited rust perforation on the vehicle's frame. Superseding Indictment [ECF No. 82] ¶ 4. "If an individual customer owned the truck, Toyota repurchased it at

150% of the Kelley Blue Book Suggested Retail Value of an 'excellent' condition truck, regardless of its actual condition. In contrast, if a dealership owned the truck, Toyota would only reimburse the dealership's actual cost of purchasing the truck." *Id.* at ¶ 6. "Toyota hired Impartial Services Group ("ISG") to administer the Customer Support Program." *Id.* at ¶ 8.

Defendant Pinson owned a Kentucky car dealership called Big Blue Motor Sales ("Big Blue Motors"). *Id.* ¶¶ 9–11. Defendant Conn was the dealership's sales manager and Defendant Newsome was an employee of the dealership. *Id.* According to the Superseding Indictment, between 2013 and 2015, Pinson, Conn, and Newsome, along with others charged and uncharged, allegedly engaged in a fraudulent scheme.

### b. Procedural

On October 1, 2019, a federal grand jury charged Defendants James Pinson, Tammy Newsome, and Gary Conn with nine counts of wire and mail fraud in connection with a scheme to defraud Toyota Motor Sales, U.S.A. *See* Indictment [ECF No. 1] ¶¶ 67, 69. Defendant Newsome was also charged with one count of aggravated identity theft. *See id.* ¶ 71. On September 4, 2019, the federal grand jury charged Defendants Frank Russo and Kevin Fluharty separately for their alleged role in the same scheme. *See United States v. Russo*, No. 2:19-cr-222, [ECF No. 5] (Sep. 5, 2019). On February 27, 2020, Stanley Clark pleaded guilty to a charge in an information for his role in the same scheme. *See United States v. Stanley Clark*, No. 2:20-cr-00028, [ECF No. 12] (Feb. 27, 2020). On March 3, 2020, a federal grand jury returned a Superseding Indictment against James Pinson, Tammy Newsome, and Gary Conn.

The Superseding Indictment charges all three Defendants with the following: wire fraud in violation of 18 U.S.C. § 1343 (Counts One–Three); mail fraud in violation of 18 U.S.C. § 1341 (Counts Four–Nine); and aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1) (Count Ten). Superseding Indictment [ECF No. 82] ¶¶ 66–79. The Superseding Indictment also charges Defendant Pinson with two counts of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Counts Eleven and Twelve) and charges Defendant Conn with one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Twelve).

On January 21, 2020, Pinson and Conn filed a Joint Motion for Issuance of Subpoena for Early Production pursuant to Federal Rule of Criminal Procedure 17(c), [ECF No. 59], requesting certain documentation from Toyota and ISG. The proposed subpoenas request the following:

1. Documents reflecting Tacoma vehicles repurchased by [Toyota] at the rate of 150% of the Kelley Blue Book value pursuant to the CSP during the period of 2008 to 2015; and

2. Documents reflecting Tacoma vehicles repurchased by [Toyota] from each authorized Toyota dealership pursuant to the CSP during the period of 2008 to 2015.

[ECF No. 66–1] 4; [ECF No. 66–2] 4. The Government filed a response in opposition to the Motion, [ECF No. 60], and Pinson and Conn filed a reply, [ECF No. 62]. This Joint Motion was referred to Magistrate Judge Dwane Tinsley pursuant to Rule 59 of the Federal Rules of Criminal Procedure.

On February 21, 2020, Magistrate Judge Tinsley denied Pinson's and Conn's Motion. [ECF No. 74]. Magistrate Judge Tinsley held (1) that "the requests were not

sufficiently specific and appear to be an improper attempt to use Rule17(c) in order to obtain general discovery beyond that permitted by Federal Rule of Criminal Procedure 16;" and (2) that Pinson and Conn had not established that the requested information is relevant. [ECF No. 74] 5, 7. On March 5, 2020, Defendants Pinson and Conn filed Objections to Magistrate Judge Tinsley's non-dispositive Order denying Defendants' Motion for Issuance of Subpoena for Early Production. Defs.' Obj. to Magistrate Ct.'s Order Dated Feb. 21, 2020 [ECF No. 85]. Defendants argue that the Order, [ECF No. 74], is contrary to law and clearly erroneous and thus should be set aside. *Id.*

## II. Legal Standard

Rule 59(a) of the Federal Rules of Criminal Procedure provides that a "district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense" and that the "magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination." Fed. R. Crim. P. 59(a). Rule 59(a) provides that the "district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* "A finding is clearly erroneous if 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Botta v.*

*Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C. v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)) (citation omitted).

### III. Discussion

I find that Magistrate Judge Tinsley's ruling, [ECF No. 74], was not clearly erroneous and accordingly, I overrule Defendants Pinson's and Conn's Objections.

There is no dispute that Judge Tinsley applied the correct legal standard. *See* Defs.' Obj. to Magistrate Ct.'s Order Dated Feb. 21, 2020 [ECF No. 85] 4. Federal Rule of Criminal Procedure 17(c) states in pertinent part, "a subpoena may order the witness to produce any books, papers, documents, data, or other objects…" and that "the court may direct the witness to produce the designated items in court before trial…." To require production prior to trial, a moving party must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699 (1974). To make such a showing, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700. Rule 17(c), however, "is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) (citation omitted).

A court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). A subpoena may be "unreasonable or oppressive" if it is "abusive or harassing," "gravely" intrusive, "overly vague," or "excessively broad," or it seeks information that is irrelevant or privileged. *In re Grand Jury*, 478 F.3d 581, 585 (4th Cir. 2007).

Though they do not disagree with the appropriate legal standard, Defendants Pinson and Conn object to Judge Tinsley's application of this legal standard, arguing that it was clearly erroneous. *See* Defs.' Obj. to Magistrate Ct.'s Order Dated Feb. 21, 2020 [ECF No. 85] 4. Judge Tinsley found that the proposed subpoenas failed to meet the specificity prong and relevance prong articulated in *Nixon*.

I find that Judge Tinsley's analysis was not clearly erroneous. "The specificity prong of the *Nixon* test… requires more than the title of a document and conjecture as to its contents…." *United States v. Lindberg*, No. 5:19-CR-22-MOC-DSC-1, 2019 WL 7000089, at *1 (W.D.N.C. Dec. 20, 2019) (citation omitted). The requests must amount to more than a mere "fishing expedition." *Nixon*, 418 U.S. at 700. I agree with Judge Tinsley's reasoning that "to obtain evidence through a Rule 17(c) subpoena, the movant must already know what the evidence is, what it will show, and how it will help support the movant's theory of the case." [ECF No. 74] 6. Pinson and Conn request documentation related to every single repurchasing transaction that took place nationwide under the CSP between 2008 and 2015. In the Order, Judge Tinsley states that "at the motion hearing, Pinson and Conn admitted that they were 'not sure how much of it's out there,' and despite their repeated assertion that they are

6

aware of other dealerships receiving 150% of the trucks' value under the program, they have yet to identify a single one of those dealerships." [ECF No. 74] 6. On this basis, I cannot find that Judge Tinsley made a clear error in determining that Pinson's and Conn's proposed subpoenas are too broad and imprecise to meet Rule 17(c)'s specificity requirement. Having made this determination, I find Judge Tinsley was not clearly erroneous, that the Order [ECF No. 74] is sufficient, and that it should not be set aside.

### IV. Conclusion

Defendants Pinson's and Conn's Objections to the Magistrate Court's Order Dated February 21, 2020, [ECF No. 85], are **OVERRULED**. And I do not find that the Order [ECF No. 74] should be set aside. The court **DIRECTS** the Clerk to send a copy of this Order to Defendants and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 29, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE