IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                            CRIMINAL ACTION NO. 2:19-cr-250-01

JAMES PINSON

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 235]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of

Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or ordered the parties to submit responses.

On March 3, 2022, Mr. Pinson to 48 months of imprisonment on each of Counts 1–9, 11, and 12, followed by three years of supervised release on each count, to run concurrently, for wire fraud, mail fraud, and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1343, 1341, 1956(h), 1957, and 1956(a)(i)(A), respectively. Further, Mr. Pinson received 24 months of imprisonment for Count 10, to run consecutively to all other counts, to be followed by one year of supervised release, aiding and abetting in aggravated identity theft, in violation of 18 U.S.C. §§1028A(a)(1), 2. [ECF No. 202].

Mr. Pinson's total offense level was 31. [ECF No. 204, at 1]. At the time of his sentencing, Mr. Pinson had zero criminal history points, which established a

Criminal History Category of I. [ECF No. 205, ¶¶ 102–05]. Based on a total offense level of 31 and a Criminal History Category of I, Mr. Pinson's guideline range was 108 to 135 months. [ECF No. 204, at 1].

Despite the fact that Mr. Pinson did not receive any criminal history points from Chapter Four, Part A of the Sentencing Guidelines, he is not eligible for a two-level reduction in his offense level as a Zero-Point Offender because he received an adjustment under U.S.S.G. § 3B1.1 (Aggravating Role). Section 4C1.1(a) provides that in order for a defendant to receive a two-level reduction, the defendant must meet all of the outlined criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise. . . .

At sentencing, Mr. Pinson received a four-level enhancement, pursuant to

U.S.S.G. § 3B1.1(a), for being the organizer or leader of a criminal scheme that involved five or more participants. Because he fails to meet all of the criteria set out in U.S.S.G. § 4C.1.1(a), Mr. Pinson is not eligible for a two-level offense level reduction as outlined in U.S.S.G. § 4C1.1(a). Furthermore, Mr. Pinson did not receive status points and is likewise ineligible for a reduction on that basis.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on March 3, 2022, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:        February 28, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4